IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHRISTOPHER JAMES TUCKER,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:15-CV-0467-MTT-MSH |
| **C.O. MERRITT, et al,** : | |
| : | |
| **Defendants** : | |

## ORDER

Plaintiff Christopher James Tucker, an inmate previously confined at the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed without prepayment of any portion of the $350.00 filing fee.

### I.   Motion for Leave to Proceed *in forma pauperis*

When filing his Complaint, Plaintiff submitted a motion for leave to proceed without prepayment of the filing fee. The United States Magistrate Judge granted Plaintiff's motion, but found that Plaintiff could possibly pre-pay at least small portion of the filing fee. Plaintiff was thus ordered to pay a partial filing fee of $8.93. Plaintiff has now responded to that order and complains that prison officials have failed or refused to process his requests for an inmate withdrawal to pay the fee. *See* Letter, ECF No. 7.

Plaintiff should not be penalized for the actions of prison officials. He will thus now be **GRANTED** leave to proceed without prepayment of any portion of the filing fee.

This does not mean that the filing fee is waived, however. Federal law requires that Plaintiff still pay the full filing fee over time using the payment plan described in § 1915.

It is therefore **ORDERED** that the Warden of the institution wherein Plaintiff is incarcerated, and any successor custodians, each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. *See* 28 U.S.C. § 1915(b). Plaintiff's custodian shall forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid, provided the amount in the account exceeds $10.00. *Id.* Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire fee is collected, notwithstanding the dismissal of Plaintiff's case or the granting of judgment against him prior to the collection of the full filing fee.

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

The **CLERK** is **ORDERED** to forward a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

## II. Preliminary Review

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, however, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed the plaintiff's favor, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. *See id.* "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. Plaintiff's Complaint

The present action arises from a delay in medical care at GDCP. The Complaint alleges that Defendant Merritt, a corrections officer, failed to immediately respond to

3

Plaintiff's request for medical treatment after Plaintiff reported that he had just been raped by his roommate. When Plaintiff next threatened to "cut" himself if he was not taken to "Medical," Merritt stated that Plaintiff could just "cut until he killed [himself]." Merritt then delayed thirty minutes before taking Plaintiff for a medical examination.

Plaintiff has now filed this action against Officer Merritt and the "State of Georgia" under § 1983; the Court liberally construes his claim to be one for denial of medical care in violation of the Eighth Amendment. Plaintiff's Complaint, however, does not state an Eighth Amendment claim against Defendants. First of all, Plaintiff cannot sue the State of Georgia: The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989). *See also, Will v. Michigan Dep't of State Police*, 491 U.S. 98, 71 (1989) (a state is not a "person" for purposes of § 1983 liability). Plaintiff's allegations – though distressing – also do not describe conduct by Officer Merritt that rises to the level of a constitutional violation.

To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege facts to show (1) that his medical need was objectively serious; (2) that the defendant was aware of a serious risk of harm if medical treatment was not immediately provided; and (3) that the defendant disregarded this risk of serious harm through conduct more than mere negligence. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003). While, in this case, Plaintiff would no doubt suffer some injury as a result of the rape described, he has not alleged facts suggesting either that he had a "serious medical need" when treatment was requested or that Officer Merritt was

4

aware of "a serious risk of harm" if medical treatment was not immediately provided.

Plaintiff was also eventually provided medical treatment, and he does not allege that he suffered any injury as a result of the thirty-minute delay. A delay in medical treatment is, of course, unconstitutional if the inmate's condition is so grave that he requires immediate medical attention. *See Farrow v. West*, 320 F.3d 1235, 1247 (11th Cir. 2003). However, when the need for medical treatment is not so urgent and no injury results from the delay, as was the case here, even "a considerable delay in treatment does not rise to the level of a constitutional violation." *Russell v. Williams*, 2008 WL 4974803 at * 5 (S.D. Ga. May 23, 2008) (citing *Farrow*, 320 F.3d at 1247).

The Court thus finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Complaint is accordingly **DISMISSED WITHOUT PREJUDICE** for this reason pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED**, this 29th day of February, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT